1  JULIE E. HOFER, #152185
   BRUCE S. EADS, #191047
2  DONAHUE GALLAGHER WOODS LLP
   Attorneys at Law
3  300 Lakeside Drive, Suite 1900
   Oakland, California 94612-3570
4  P.O. Box 12979
   Oakland, California 94604-2979
5  Telephone:    (510) 451-0544
   Facsimile:    (510) 832-1486
6
   MARK SCHONFELD
7  BURNS & LEVINSON LLP
   Attorneys at Law
8  125 Summer Street
   Boston, Massachusetts 02110
9  Telephone:    (617) 345-3329
   Facsimile:    (617) 345-3299
10
   Attorneys for Plaintiff
11 CANON U.S.A., INC.

12                UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14

15 | CANON U.S.A., INC., a New York corporation, | CASE NO.
16 | | **COMPLAINT FOR TRADEMARK COUNTERFEITING; TRADEMARK INFRINGEMENT; TRADEMARK DILUTION; UNFAIR COMPETITION**
17 | Plaintiff,
18 | v.
19 | SHAWN LEIMBACH, an individual,
20 | Defendant.

# COMPLAINT

1. Plaintiff Canon U.S.A., Inc. ("Canon" or "Plaintiff"), for its complaint against Defendant, Shawn M. Leimbach ("Defendant"), alleges as follows:

## STATEMENT OF THE CASE

2. This is an action for infringement of federally registered trademarks of Canon Inc. ("CINC"), a Japanese corporation, having its principal offices in Tokyo, Japan and Canon's parent, and related claims, based on Defendant's sale of batteries for digital cameras and digital camcorders which bear counterfeits of the registered CANON trademarks, and which otherwise copy, in nearly every detail, the packages containing lithium-ion battery packs and the genuine Canon packaging in which such battery packs are sold. Plaintiff seeks injunctive relief, treble damages or statutory damages, and its attorney's fees and costs.

## JURISDICTION AND VENUE

3. This claim arises under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., particularly under 15 U.S.C. § 1114(1). This Court has subject matter jurisdiction over the claims in this action, which relate to trademark counterfeiting and infringement, dilution and false designations of origin and false descriptions pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1392(a).

## INTRADISTRICT ASSIGNMENT

5. Because this matter is an Intellectual Property Action, there is no basis for assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

## THE PARTIES

6. Plaintiff Canon is a New York corporation, having its principal place of business at One Canon Plaza, Lake Success, New York 11042.

7. Defendant Shawn M. Leimbach is an individual residing at 1660 Via Barrett, San Lorenzo, California 94580-1308.

8. At all times relevant hereto, Defendant is and has been doing business in this

-1-

judicial district, and has distributed and/or is distributing merchandise wrongfully bearing counterfeits of CANON trademarks. Defendant is advertising, distributing, offering for sale, and selling batteries wrongfully bearing counterfeits of CANON trademarks to persons located within this judicial district and elsewhere, through her internet sales on eBay and www.e3wireless.com.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement)
### [15 U.S.C. §1114]

9. Plaintiff incorporates all prior allegations as if set forth fully herein.

10. This is a claim for infringement of the federally registered CANON trademarks arising under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

11. Canon has the exclusive right to import and sell in the United States lithium-ion battery packs and other products bearing the trademarks of CINC, and has express authority to take action to prevent actual or threatened infringement of those trademarks. CINC is the owner of various federally registered trademarks for CANON ("Canon Trademarks"). These registrations include, for example:

    i.    for the mark CANON GENUINE VIDEO ACCESSORY:

    -    Registration Number 1,912,278 of August 15, 1995 for accessories for 8mm video cameras, including batteries, cables, lenses, filters, printers and tripods;

    ii.    for the mark CANON:

    -    Registration Number 1,315,232 of January 22, 1985, for developing chemicals for photography and electrophotography, including battery packs, cameras, and other accessories.

12. CINC has given notice to the public of the CANON trademark registrations under 15 U.S.C. § 1111. Such registrations are in full force and effect.

13. The products that are the subject matter of the complaint are battery packs for digital camcorders: NB-2LH, BP-2L14, BP-407, BP-412, BP-422, BP-511A, BP-514, BP-522, BP-535, BP-608, BP-617, BP-915, BP-930, BP-945, BP-818, BP-714, BP-E718, BP-729; and battery packs for digital cameras: BP-511A, NB-4L, NB-3L, NB-2LH, NB-1LH, NB4-200, NB-

-2-

6N, NB-5H, NB-4H ("Canon Batteries"). Canon markets its batteries in individually packaged cardboard and plastic packages. This packaging prominently displays the Canon Trademarks, and the batteries therein likewise display the mark CANON.

14. Continually, for long prior to the acts of Defendant complained of herein, Canon has sold a wide range of digital cameras and camcorders that use the Canon Batteries, and has sold related products, all of which bear the famous CANON mark. These products have been and are now extensively advertised through television, magazines, newspapers, brochures, trade shows and other means.

15. Continually, for long prior to the acts of Defendant complained of herein, Canon has been and is now marketing, offering for sale and selling Canon Batteries bearing the Canon Trademarks in the State of California and elsewhere in interstate commerce. Through Canon's extensive sales of Canon Batteries, the public has come to recognize Canon Batteries as being of excellent quality and reputation.

16. Canon's advertising and promotional activities involving its products bearing the Canon Trademarks have been continuous and have been for the purpose of acquainting the public with the excellent quality of Canon's products so that consumers may, with knowledge and confidence, purchase and use products bearing these marks. As a result, Canon cameras, camcorders and batteries bearing the Canon Trademarks are well known, and Canon Trademarks have come to be and are recognized by the public as indicating that the products bearing the Canon Trademarks originate with Canon.

17. By reason of their high quality and as a result of Canon's continued and extensive sales, advertising, and promotion, Canon Batteries sold under the Canon Trademarks enjoy an excellent reputation among the public. The Canon Trademarks' registrations, and the resulting goodwill which has accrued to Canon Trademarks, are of great value to Canon in the conduct of its business.

### Defendant's Infringing Activities

18. Defendant, with full knowledge of the distinctiveness and widespread recognition of the Canon Trademarks, is promoting and selling to the public counterfeit Canon Batteries in

-3-

packaging that bears false reproductions of the Canon Trademarks. Canon and CINC have never authorized or consented in any way to the use of Canon Trademarks on any of Defendant's products, nor have Canon and CINC granted any license to the Defendant allowing such use.

19. Defendant has sold products which counterfeit the Canon Trademarks by displaying the Canon Trademarks on her battery packaging in a logo or type style that is identical to that used by Canon. In addition, within the carton, Defendant has counterfeited the trademark CANON by stamping it onto the battery pack, in the identical color and logo style as that used by Canon for the CANON trademark.

20. Defendant's conduct is intentionally fraudulent, malicious, willful, and wanton.

21. Defendant's conduct is causing immediate and irreparable injury to Canon and to its goodwill and reputation, and will continue both to damage Canon and to deceive the public unless preliminarily and permanently enjoined by this Court. Canon has no adequate remedy at law.

22. Defendant's use of counterfeits of Canon Trademarks, in connection with her sale and distribution of merchandise, infringes Canon's and/or CINC's exclusive rights in its federally registered trademarks, is likely to cause, and has caused, confusion, mistake or deception, and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

### SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition-False Designations of Origin,
False Descriptions and Representations)
[15 U.S.C. § 1125(a)]**

23. Plaintiff incorporates all prior allegations as if set forth fully herein.

24. This is a claim for false designation of origin and false description or representation arising under the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

25. The use of the reproductions of the Canon Trademarks on the batteries and packaging sold by the Defendant constitutes a false designation of origin and false description or representation that wrongly and falsely designates the products distributed, offered for sale, and sold by Defendant as originating from, connected with, sponsored or authorized by Canon.

-4-

26. Each of the Defendant's counterfeit battery packs falsely displays the trademark CANON, and each of the Defendant's counterfeit packages also displays the false trademark CANON.

27. The use of this text constitutes a false designation of origin and a false description or representation that wrongly and falsely designates the products distributed, offered for sale, and sold by Defendant as originating from, connected with, sponsored or authorized by Canon.

28. The counterfeit battery packs which Defendant sells and offers for sale are contained in packaging which has been deliberately and intentionally designed to simulate genuine Canon Batteries. The false representation of Defendant's battery packs as Canon's is deceiving to the purchasing public and damaging to Canon's excellent reputation.

29. By reason of the foregoing, Defendant has violated and is continuing to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Canon has no adequate remedy at law and is suffering irreparable harm.

### THIRD CLAIM FOR RELIEF

**(Federal Unfair Competition-Trade Dress Infringement)**
**[15 U.S.C. § 1125(a)]**

30. Plaintiff incorporates all prior allegations as if set forth fully herein.

31. This is a claim for trade dress infringement arising under the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

32. For many years, Canon has been, and is presently, engaged in the distribution, promotion, and sale of Canon Batteries throughout the United States.

33. Continuously and long prior to Defendant's acts, Canon has been distributing, promoting, and selling in interstate commerce its Canon Batteries using a distinctive trade dress. For a substantial period of time, and continuing through the present, said Canon Batteries were sold in packaging having a distinctive trade dress.

34. The overall color scheme and graphic design of the trade dress for the Canon Batteries is arbitrary and non-functional.

35. As a result of Canon's established use, extensive promotion and sales, the trade

-5-

dress of Canon Batteries has acquired distinctiveness and has become well and favorably known to distributors and end-users as identifying Canon as the sole and exclusive source thereof. Consumers have also come to recognize that the Canon Batteries, in their distinctive trade dress, are of high quality and, as a result, the distinctive trade dress has come to represent valuable goodwill which Canon owns.

36. Canon Batteries are well known by their distinctive trade dress, which is recognized as an indicator of origin with Canon, and the trade and consumers have come to rely on this distinctive trade dress as an indication that they are receiving the products of Canon.

37. The trade dress used on the counterfeit battery pack packaging sold by Defendant slavishly copies the color, shape, text, graphics, and layout of Canon's trade dress. The Defendant's trade dress also copies the Canon Trademarks.

38. The packaging of the battery packs sold by Defendant has been deliberately designed to misappropriate Canon's distinctive trade dress with the intention and for the purpose of trading upon Canon's goodwill.

39. Defendant's misuse of Canon's distinctive trade dress for her batteries is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendant's products, in that the trade and consumers are likely to believe, or will believe, that the Defendant's products are Canon's.

40. Canon has never authorized, licensed or consented in any way to the Defendant's use of Canon's distinctive, well known, and extremely valuable trade dress.

41. A nearly limitless number of other shapes, other graphics, other text, other layouts, and other colors could have been used on batteries and packaging sold by Defendant, rather than using packaging which copies those features directly from Canon's well known products.

42. By reason of the foregoing, Defendant has violated and is continuing to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Canon has no adequate remedy at law and is suffering irreparable harm.

## FOURTH CLAIM FOR RELIEF

(Federal Trademark Dilution)
[15 U.S.C. § 1125(c)]

43. Plaintiff incorporates all prior allegations as if set forth fully herein.

44. This is a claim for federal trademark dilution arising under the Lanham Act, Section 43(c), 15 U.S.C. § 1125(c).

45. Plaintiff has the exclusive right in the United States to protect the Canon Trademarks.

46. These marks have been used for years and are so globally recognized and associated with Plaintiff that they are entitled to be recognized as famous and distinctive under 15 U.S.C. § 1125(c).

47. Plaintiff's Canon Trademarks have come to have a secondary meaning indicative of origin, relationship, sponsorship and/or association with the Plaintiff and its distinctive reputation for high quality. The purchasing public is likely to attribute Defendant's use of the Canon Trademarks to Plaintiff as a source of origin, authorization and/or sponsorship for the products Defendant sells, and further, purchase Defendant's products in the erroneous belief that Defendant is associated with, sponsored by or affiliated with Plaintiff, when Defendant is not.

48. Defendant's use of the Canon Trademarks on the counterfeit products she sells constitutes Defendant's commercial use in commerce of the Canon Trademarks.

49. Plaintiff has not authorized or licensed the use of the Canon Trademarks to Defendant.

50. Defendant's unauthorized use of the Canon Trademarks in her marketing, sale and distribution of counterfeit products is diluting the distinctive quality of the Canon Trademarks and the goodwill associated with them in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

51. Such conduct has injured Plaintiff and said injury will continue unless the Court enjoins Defendant from committing further wrongful acts.

52. Upon information and belief, Defendant intentionally and willfully utilizes

-7-

Plaintiff's Canon Trademarks and trades on Plaintiff's reputation and goodwill.

53. If such use on the part of the Defendant continues, Plaintiff will suffer irreparable harm of a continuing nature for which there is no adequate remedy at law.

54. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendant in an amount thus far not determined.

## FIFTH CLAIM FOR RELIEF

### (For State Law Unfair Competition)
### [Cal. Bus. Prof. Code §§ 17200 and 14330]

55. Plaintiff incorporates all prior allegations as if set forth fully herein.

56. Defendant's acts have caused a likelihood of injury to Plaintiff's goodwill and business reputation, impaired the effectiveness of the Canon Trademarks, and diluted the Plaintiff's distinctive trade names and the Canon Trademarks.

57. The acts of Defendant have violated the trademark laws of the State of California and specifically California Business and Professions Code section 14330.

58. As more fully set forth above, the Canon Trademarks have come to have a secondary meaning indicative of origin, relationship, sponsorship, or association with Plaintiff. The purchasing public is likely to attribute to Plaintiff the use by Defendant of the Canon Trademarks, as a source of origin, authorization, or sponsorship for Defendant's services and products and, therefore, to utilize and/or buy Defendant's services and products in that erroneous belief.

59. Plaintiff is informed and believes and upon that basis alleges that Defendant has intentionally appropriated the Canon Trademarks with the intent of causing confusion, mistake, and deception as to the source of her services and goods, and with the intent to palm off her services and goods as those of Plaintiff, and to place others in the position to palm off their goods as those of Plaintiff and, as such, Defendant has committed trademark infringement and unfair competition with respect to the Canon Trademarks under the common law of the State of California and California Business and Professions Code §§ 17200 and 14335.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Canon asks that this Court:

1. Grant a preliminary and permanent injunction enjoining and restraining Defendant and her officers, agents, servants and employees, and all those in active concert or participation with her, from:

   (a) substantially imitating, copying, counterfeiting, or making unauthorized use of the Canon Trademarks;

   (b) manufacturing, distributing, importing, circulating, selling, advertising, offering for sale, moving or otherwise disposing of, any product bearing a simulation, reproduction, counterfeit, copy or colorable imitation of Canon's distinctive Canon Trademarks;

   (c) using any simulation, reproduction, counterfeit, copy, colorable or confusingly similar imitation of the Canon Trademarks;

   (d) using any false description or designation of origin or representation (including, without limitation, any letters, words, symbols, or other text) which can, or is likely to lead the trade or public, or individual members thereof, to believe that any product manufactured, imported, advertised, distributed and/or sold by Defendant is in any manner associated or connected with Canon or is sold, licensed, sponsored, or approved by Canon;

   (e) engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Canon's business reputation or dilute the distinctive quality of Canon's name and the Canon Trademarks;

   (f) engaging in any other activity constituting an infringement of the Canon Trademarks or of Canon's rights to use or to exploit the same;

   (g) engaging in further acts of unfair competition arising from Defendant's unlawful and improper adoption and use of Canon's trade dress and style;

   (h) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products, or any books or records which contain any information relating to the importing, manufacturing, producing, acquiring, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of unauthorized products which

1  infringe the Canon Trademarks;

(i) causing an infringement of any of Plaintiff's Canon Trademarks or of Canon's rights to use or to exploit said Trademarks, or causing any dilution of Canon's name, reputation or goodwill; and

(j) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (A) through (I), above.

2. Enter an Order:

(a) Finding that the Defendant has unfairly competed with Canon by the acts complained of herein;

(b) Finding that the Defendant has infringed Canon's trademarks by the acts complained of herein;

(c) Finding that the Defendant has infringed Canon's trade dress rights in its Canon Batteries;

(d) Directing that Defendant deliver up for destruction to Canon all unauthorized products, articles and advertising material of any kind in her possession or under her control bearing any of Plaintiff's Canon Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same, pursuant to 15 U.S.C. § 1118;

(e) Requiring Defendant to recall all of her products sold under or bearing counterfeits of the Canon Trademarks;

(f) Requiring that Defendant, within thirty (30) days after service of notice of the entry of judgment, or an injunction pursuant thereto, file with the Court and serve on Canon's counsel a written report under oath setting forth in detail the manner in which Defendant has complied with the Court's order;

(g) Awarding to Canon all of Defendant's gross profits and any other damages Canon has sustained as a consequence of Defendant's infringement of the Canon Trademarks and Defendant's unfair competition, and ordering Defendant to account for all gains, profits and

advantages derived by Defendant from the sale of her infringing merchandise bearing the Canon Trademarks, and that the award to Canon be trebled, as provided for under 15 U.S.C. § 1117(b); alternatively, that Canon be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to One Million Dollars ($1,000,000) for each trademark per type of goods sold that Defendant has willfully counterfeited and infringed;

(h)   Awarding to Canon the costs of this action together with reasonable attorney's and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117; and

(i)   Awarding to Canon such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Canon has incurred in connection with this action.

Dated: November 5, 2007

DONAHUE GALLAGHER WOODS LLP

By: *Bruce S. Eads*
Bruce S. Eads
Attorneys for Plaintiff
CANON U.S.A., INC.

Of counsel:

Mark Schonfeld
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617) 345-3329